**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

**Grand Jury B-08-2**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | Criminal No. 3:08cr |
| v. | : | |
| | : | Violations: |
| EDGARDO SENSI | : | 18 U.S.C. § 371 (Conspiracy) |
| | : | 18 U.S.C. § 2251(a) (Production of Child Pornography) |
| | : | 18 U.S.C. § 2 (Aiding and Abetting) |

## INDICTMENT

The Grand Jury charges:

## General Allegations

1.   **EDGARDO SENSI**, the defendant herein, is a citizen of the United States and was born on or about April 13, 1956. **SENSI** most recently resided in Jensen Beach, Florida.  During the relevant period of time set forth in this Indictment, **SENSI** resided in Fairfield County, Connecticut.

2.   Jane Doe, an unnamed co-conspirator, who is not a defendant herein, is a citizen of the United States.  During the relevant period of time set forth in this Indictment, Jane Doe resided in Fairfield County, Connecticut.

## COUNT ONE – Conspiracy to Produce Child Pornography
### (18 U.S.C. § 371)

3.   The factual allegations set forth in paragraphs 1 and 2 are repeated and re-alleged as if set forth fully herein.

4.    From in or about 2001, to in or about 2004, in the District of Connecticut and elsewhere, **EDGARDO SENSI**, the defendant herein, together with Jane Doe, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, that is, to produce child pornography in violation of Title 18, United States Code, Section 2251(a).

5.    It was part and an object of the conspiracy that **SENSI** and Doe willfully, and knowingly would and did employ, use, persuade, induce, entice, and coerce a minor victim (hereinafter "M.V.#1"), whose true identity is known to the Grand Jury and who was approximately eight-years-old at the beginning of the period of the conspiracy, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions (i) the defendant knew and had reason to know would be transported in interstate commerce; (ii) were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce; and (iii) were actually transported in interstate and foreign commerce.

### The Manner and Means of the Conspiracy

6.    Among the means and methods employed by **SENSI** to manufacture child pornography were to: (1) encourage M.V.#1 to be filmed while **SENSI** and Doe engaged her in sexually explicit conduct; (2) engage in a lengthy grooming process which involved

trickery and desensitizing M.V.#1 to accept the sexual abuse that MV#1 was subjected to; and (3) enticing M.V.#1 to engage in sex acts which involved sado-masochistic acts.

## OVERT ACTS

7.    In furtherance of the conspiracy and to effect the unlawful objects thereof, **SENSI** and Doe committed the following overt acts, among others, in the District of Connecticut and elsewhere:

a.    In or about April 2001, **SENSI** instructed Doe on how to use his video-camera so that Doe could take pornographic images of M.V.#1.

b.    Beginning in or about April 2001, **SENSI** and Doe filmed M.V.#1 while she was bathing or wearing only underwear. **SENSI** and Doe also encouraged M.V.#1 to take off her clothes while they filmed her.  When M.V.#1 showed any indications of resisting, Doe reassured her that no one would see the video-tape.

c.    In or about April 2001, **SENSI** and Doe encouraged M.V.#1 to play with a vibrator and then to begin playing with **SENSI'S** penis.

d.    In or about April and May 2001, **SENSI** and Doe encouraged M.V.#1 to watch and subsequently

participate in sessions where Doe would masturbate
and engage in oral sex with **SENSI**.

e.   In or about April and May 2001, **SENSI** and Doe
enticed M.V.#1 to engage in sex acts with them by,
among other things, encouraging M.V.#1 to watch
pornographic video-tapes with them.

f.   In or about April 2001, **SENSI** began to penetrate
the victim using his mouth and encouraged M.V.#1
to penetrate herself using her fingers.

g.   In or about April and May 2001, **SENSI** and Doe
engaged in intercourse while M.V.#1 was present
and ultimately **SENSI** attempted to engage in
intercourse with M.V.#1.

h.   **SENSI** maintained and transported the video-tapes
of his sex sessions with M.V.#1.

I.   **SENSI** engaged in other sado-masochistic behavior
with M.V.#1 and filmed the acts.

All in violation of Title 18, United States Code, Section
371.

**<u>COUNT TWO – Production of Child Pornography</u>**
**(18 U.S.C. § 2251(a))**

7.   The factual allegations set forth in paragraphs 1
to 3 and 5-7 are repeated and re-alleged as if set forth fully
herein.

4

8.  In or about 2001, in the District of Connecticut and elsewhere, **EDGARDO SENSI**, the defendant herein, did employ, use, persuade, induce, entice, and coerce a minor, M.V.#1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions (i) the defendant knew and had reason to know would be transported in interstate and foreign commerce; (ii) were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce; and (iii) were actually transported in interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 2251(a) & 2.

A TRUE BILL

/S/_____
FOREPERSON


/S/_____
NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


/S/_____
ALINA P. REYNOLDS
SUPERVISORY ASSISTANT U.S. ATTORNEY


/S/_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY