## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,         :
                                      :

v.                                   :          3:08-cr-253 (WWE)
                                        :

EDGARDO SENSI                   :

### <u>RULING ON DEFENDANT'S MOTION TO DISMISS</u>

Trial in this matter is scheduled for July 2010.  Now pending before the Court are defendant's (1) motion to dismiss (Doc. #54); (2) motion to suppress physical evidence seized from his home (Doc. #55); (3) motion to suppress statements (Doc. #78); (4) motion for disclosure of uncharged misconduct (Doc. #81); (5) motion for discovery (Doc. #82); and (6) motion for disclosure of <u>Giglio</u> material (Doc. #83).  The Court will address only the motion to dismiss in this ruling.  The other motions will be addressed at the suppression hearing on June 8, 2010.

Pursuant to the Superseding Indictment filed on April 2, 2009 (Doc. #26), defendant was charged with (1) Conspiracy to Produce Child Pornography in violation of 18 U.S.C. § 371; (2) Production of Child Pornography in the United States in violation of 18 U.S.C. § 2251(a); (3) Illicit Sexual Conduct in Foreign Places in violation of 18 U.S.C. § 2423(c); and (4) Production of Child Pornography Outside the United States in violation of 18 U.S.C. § 2251(c)(1).  Counts one and two relate to a minor victim, M.V. #1 and involve allegations that took place in April 2001.  The conduct in counts three and four relate to a second minor victim, M.V. #2, and involve allegations that took place from January 2004 until 2005.

Defendant moves to dismiss all charges against him pursuant to Federal Rule of

1

Criminal Procedure 12(b)(2) on the grounds that the counts of the Superseding Indictment are barred by the relevant statute of limitations.[1]

The general statute of limitations for noncapital offenses requires the government to charge a suspect within five years of the commission of the alleged crime.  18 U.S.C. § 3282(a).  As of April 2001, the relevant statute of limitations for crimes involving the "sexual or physical abuse ... of a child under the age of 18 years" was until the victim reached the age of twenty-five pursuant to 18 U.S.C. § 3509(k) (1994).  See generally United States v. Chief, 438 F.3d 920, 922 (9th Cir. 2006) (discussing evolution of statute of limitations on child abuse and exploitation crimes).  This statute was re-codified at 18 U.S.C. § 3283 in 1994.  In April 2003, section 3283 was amended to extend the statute of limitations for offenses involving the sexual or physical abuse of a child to the life of the child.  18 U.S.C. § 3283 (2003).  On January 5, 2006, the statute of limitations was again extended to run for the life of the child or for ten years after the offense, whichever is longer.  18 U.S.C. § 3283 (2006).

The law defines "sexual abuse" as "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."  18 U.S.C. § 3509(a)(8).

The United States contends that the statute of limitations for counts two, three and four of the Superseding Indictment is extended by 18 U.S.C. § 3299 in addition to section 3283.  Section 3299, which was codified on July 27, 2006, provides:

> Notwithstanding any other law, an indictment may be found or

---

[1]     The original indictment was filed on December 4, 2008 (Doc. #9).

2

> an information instituted at any time without limitation for any
> offense under section 1201 involving a minor victim, and for
> any felony under chapter 109A, 110 (except for section[s] 2257
> and 2257A), or 117, or section 1591.

Under this section, there is no statute of limitations for the offenses included within it,

including charges of production of child pornography (counts two and four), which are

included in chapter 110, and the charge of illicit sexual conduct (count three), which is

included in chapter 117.

Congress may extend the statute of limitations on a criminal statute, and the

government may bring charges under such extension provided that the original statute

of limitations had not yet lapsed when the extension when into effect.  See Stogner v.

California, 539 U.S. 607, 616, 618 (2003) ("[It is] well settled that the Ex Post Facto

Clause forbids resurrection of a time-barred prosecution."); Falter v. United States, 23

F.2d 420, 426 (2d Cir. 1928) ("For the state to assure a man that he has become safe

from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair

and dishonest.  But, while the chase is on, it does not shock us to have it extended

beyond the time first set, or, if it does, the stake forgives it.").

The crux of the parties' dispute is whether section 3283's reference to "sexual ...

abuse" applies only to crimes listed in chapter 109A of title 18, which is titled "Sexual

Abuse," or to all crimes that would logically relate to the common understanding of

sexual abuse even when found in chapters 110 ("Sexual Exploitation and Other Abuse

of Children") and 117 ("Transportation of Illegal Sexual Activity and Related Crimes") of

title 18.  Of the courts that have faced this issue, all have found that section 3283

applies to latter category of crimes.  For example, in United States v. Panner, the

defendant was charged with violating 18 U.S.C. §§ 2251 and 2252A.  The district court found that section 3283 applied because the allegations "would amount to sexual abuse under any definition of that term."  Panner, 2007 U.S. Dist. LEXIS 11589, *2 (E.D. Cal. Feb. 20, 2007).  Further, in United States v. Borazanian, the Sixth Circuit Court of Appeals applied section 3283 to a defendant who had been charged under 18 U.S.C. §§ 2252 and 2423.  Borazanian, 148 Fed. Appx. 352, 353 (6th Cir. 2005) ("Defendant, Donald Borazanian, received and sent a massive amount of child pornography over the internet.  He was indicted on three counts of receiving child pornography and one count of interstate travel to engage in criminal sexual activity. 18 U.S.C. § 2252(a)(2), 18 U.S.C. §§ 2423(b) and 3283.");  see also Chief, 438 F.3d 920 (applying section 3283 to charge under 18 U.S.C. § 2241(a)).  In light of the relevant precedent, the Court finds that section 3283 serves to extend the statute of limitations as of April 2003 of the enumerated allegations.  Pursuant to Stogner, Congress was within its authority to extend the statute of limitations and such extension applies to defendant without implicating the Ex Post Facto Clause.

The charges under section 2251 involve "sexual abuse" insofar as they allege that defendant intended to "use, persuade, induce, entice, and coerce a minor, M.V. #1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct" both inside and outside the United States.  Further, the charge under section 371 constitutes "sexual abuse" insofar as it alleges that defendant conspired to commit the crimes to produce child pornography under section 2251(a).  Finally, the charge under section 2423(c) constitutes "sexual abuse" insofar as it alleges that

4

defendant traveled to Nicaragua to engage in illicit sexual conduct with a minor.[2]

Finally, defendant's argument that the lack of a savings clause in the 2003 version of section 3283 is fatal to extending the statute of limitations under Stogner is without merit.  See Chief, 438 F.3d at 923-24.  The Supreme Court's decision in Bridges v. United States, 346 U.S. 209 (1953) is not to be read so broadly as require a savings clause in all amendments that extend the time of a statute of limitations.  An amendment extends a statute of limitations; it does not repeal the earlier statute. See Chief, 438 F.3d at 924 ("[W]hen Congress repeals one statute of limitations by enacting another, the second statute of limitations can simultaneously replace the former statute and apply even to cases in which the actions at issue predate the most recent statute.").

Therefore, this action is timely and will not be dismissed.  Defendant's motion to dismiss will be denied.

Dated at Bridgeport, Connecticut, this 7th day of June, 2010.

_____/s/_____
Warren W. Eginton
Senior United States District Judge

---

[2]        In addition, the conduct alleged in count three of the Superseding Indictment took place between January 2004 and 2005.  This action was timely as to any allegations during that time period under 18 U.S.C. §§ 3283, 3299.