

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut* 2010 JUL -8  P 3: 29

| | |
|---|---|
| *Brien McMahon Federal Building* | *(203) 696-3000* |
| *915 Lafayette Boulevard, Room 309* | |
| *Bridgeport, Connecticut 06604* | *Fax (203) 579-5575* |

July 8, 2010

Robert M. Berke, Esq.
640 Clinton Avenue
Bridgeport, Connecticut 06605

> **Re:   United States v. Edgardo Sensi**
> **Criminal No. 3:08CR253 (WWE)**

Dear Attorney Berke:

This letter confirms the conditional plea agreement entered into between your client, Edgardo Sensi (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter. The defendant agrees to enter a guilty plea, to all four counts in the Superseding Indictment in the above-referenced criminal matter. Pursuant to Fed. R. Crim. P. Rule 11(a)(2), the only promise that the Government is entering into for the purposes of this plea is to permit the defendant to reserve his right to appeal the Court's June 8, 2010 ruling relating to the suppression hearing. In exchange for the Government's consent to permit the defendant to appeal only the Court's ruling regarding the suppression of physical evidence obtained from his residence, the defendant will give up **all of his other appeal rights** and is pleading guilty because he is guilty of the offenses charged against him.

### THE PLEA AND OFFENSE

The defendant understands that, to be guilty of these crimes the essential elements as set forth in Exhibit A must be satisfied. The defendant also understands that he is subject to the minimum and maximum penalties listed in Exhibit A, and that the Court has discretion to order that any terms of imprisonment on each count be run concurrently or consecutively.

The defendant understands that any sentence of incarceration under this provision must be followed by a term of supervised release of at least five years and as much as life. 18 U.S.C. § 3583(k). The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to five years with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of

1

supervised by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant shall be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day of his sentencing.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (i) and § 3612(g).

Finally, in addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A and under 18 U.S.C. § 2259. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Forfeiture

The defendant understands and agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an

2

appropriate sentence in this case and is not bound by any promises, representations or plea agreement. The defendant understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated. At this time, the Government is notifying the defendant that the Government has made no promises or representations of any kind with respect to whether the defendant has accepted responsibility for his criminal conduct. More specifically, the Government will absolutely oppose the defendant's request to receive acceptance of responsibility if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, that, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility for all of his criminal conduct. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government chooses not to recommend acceptance.

## Guidelines

By this letter we are notifying the defendant that in the Government's view, the applicable term of incarceration under the Guidelines is ninety-five (95) years of incarceration. In addition, the defendant will be subject to the special conditions of supervised release that are attached as a Rider to this plea agreement.

## Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The parties agree that notwithstanding his guilty plea, the defendant reserves his right to appeal the district court's order dated June 8, 2010, which denied his motion to suppress. In consideration of this conditional plea, in all other respects, the defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such a challenge to the sentence imposed by the Court to the extent that his aggregate sentence does not exceed the statutory maximum term of 95 years in prison, a lifetime term of supervised release, $400 in special assessments, a $1,000,000 fine. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence that may be imposed in other proceedings. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

## Information to the Court

The Government reserves its right to address the Court with respect to an appropriate

sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material. The Government reserves the right to introduce statements of not only the victims in this case but also additional victims that have come forward during the investigation. Additionally, the Government reserves its right to put forth evidence in the form of records and testimony at a sentencing hearing to support its sentencing recommendation.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that, following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant understands that, because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

4

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that if he pleads guilty, he will be adjudicated guilty of each offense to which he has pleaded guilty and may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862 and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

The defendant understands that if he pleads guilty, the Court may ask him questions about

5

each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, federal law requires that he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that the failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## NO OTHER PROMISES

The defendant understands that there are **no** other promises, agreements, or conditions that bind the Government in his case.

This letter shall be presented to the Court, in open court, and the Government will ask that it be filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachments with counsel and that he fully understands and accepts its terms.

EDGARDO SENSI
The Defendant

7/8/10
Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client, who advises me that she understands and accepts its terms.

ROBERT BERKE, ESQ.
Attorney for the Defendant

7/8/10
Date

6

## RIDER CONCERNING RESTITUTION

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     attorneys' fees, as well as other costs incurred; and

(F)     any other losses suffered by the victim as a proximate result of the offense.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or out-patient, to include participation with polygraph administration, as directed by the United States Probation Office. The defendant shall pay all, or a portion of, the costs associated with mental health treatment based on his ability to pay, in an amount to be determined by the United States Probation Office;

2. The defendant shall agree that any device that he uses with Internet access, including a computer, will be equipped with monitoring software that will permit the United States Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging, or any other electronic means.[1]  The defendant shall pay all, or a portion of, the costs associated with computer monitoring based on his ability to pay, in an amount to be determined by the United States Probation Office;

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the United States Probation Office, of any computer-related restrictions that are imposed;

4. The defendant shall have no unsupervised contact with any child under 18 years of age without the express permission of the United States Probation Office and treatment provider.  On release, the United States Probation Office will determine whether the defendant may have unsupervised contact with his own children;

5. The defendant shall permit the United States Probation Office, accompanied with either local, state, or Federal law enforcement authorities, upon reasonable suspicion,[2] to conduct a search of the defendant's residence, automobile, and workplace for the presence of sexually explicit materials involving minors;

6. The defendant shall comply with any applicable federal, state and local sex offender registry laws and requirements;

---

[1] Narrowly tailored to conform to United States v. Lifshitz, 369 F.3d 173 (2d Cir. 2004).

[2] Id.

8

7.  The defendant shall provide the United States Probation Office with access to any requested financial records, including but not limited to, telephone bills and credit card statements;

8.  The defendant shall not loiter around playgrounds, schools, arcades or any other places where children under the age of 18 congregate.  The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the United States Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, unless as part of an approved counseling group;

9.  The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18; and

10.  The defendant is prohibited from accessing or possessing sexually explicit materials involving minors.

**Elements of the Offenses and Statutory Maximum Sentences for the Counts in the Indictment of**

**United States v. Edgardo Sensi 3:08cr253 (WWE)**

| Count | Charge | Elements of the Offense | Maximum Penalties and Notice of Mandatory Minimum Jail Sentence |
|---|---|---|---|
| One | Conspiracy to Produce Child Pornography — 18 U.S.C. § 371 | First, that two or more persons entered into the particular unlawful agreement charged in Count One of the Indictment (an agreement to produce child pornography); <br><br> Second, that the defendant knowingly and willfully became a member of the conspiracy; <br><br> Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment; and <br><br> Fourth, that the overt act(s) which was (were) committed were committed to further some objective of the conspiracy. | Term of imprisonment of up to 5 years; a fine of up to $250,000; supervised release of up to life; a $100 special assessment; and restitution |
| Two | Production of Child Pornography in the U.S. — 18 U.S.C. § 2251(a) | First, that M.V. #1 was under the age of eighteen; <br><br> Second, that the defendant used (or employed or persuaded or induced or enticed or coerced) M.V. #1 to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and <br><br> Third, that the visual depiction was mailed or actually transported in interstate or foreign commerce, or that the materials used to produce the visual depiction were transported in interstate or foreign commerce, or that the defendant knew or had reason to know that such visual depiction would be transported in interstate or foreign commerce. | Mandatory minimum term of imprisonment of 15 years but not more than 30 years; a fine of up to $250,000; supervised release of up to life; a $100 special assessment; and restitution |
| Three | Illicit Sexual Conduct in Foreign Places — 18 U.S.C. § 2423(c) | First, that the defendant is a United States citizen; <br><br> Second, that the defendant traveled in foreign commerce; and <br><br> Third, that the defendant engaged in illicit sexual conduct with another person. | Term of imprisonment of not more than 30 years; a fine of up to $250,000; supervised release of up to life; a $100 special assessment; and restitution |
| Four | Production of Child Pornography Outside the U.S. — 18 U.S.C. § 2251(c)(1) DBF | First, that M.V. # 2 was under the age of eighteen; <br><br> Second, that the defendant used (or employed or persuaded or induced or enticed or coerced) M.V. # 2 to take part in sexually explicit conduct outside of the United States for the purpose of producing a visual depiction of that conduct; and *the visual depiction* ~~A defendant~~ <br><br> Third, that the ~~visual depiction was mailed or actually~~ transported ~~in interstate or foreign commerce~~, or that the defendant intended for such visual depiction to be transported to the United States by any means. | Mandatory minimum term of imprisonment of 15 years but not more than 30 years; a fine of up to $250,000; supervised release of up to life; a $100 special assessment; and restitution |

*to the United States*

EXHIBIT A